# Elias H. Morse

## *v.*

## George W. Iman.

1. **Trespass** *upon land — who may maintain the action.* A person in possession of land may recover for damages done to the property, as against all persons but the true owner, and may maintain any appropriate action for a recovery against any person but the true owner, precisely as if it were his own.

2. **Possession** — *what constitutes.* Where two persons fence a tract of land which does not belong to them, for the purpose of using the grass thereon, and agree with each other that each shall use a certain portion of the field, there being no division fence, and the parties use their respective portions in that way, each will be regarded as in the actual possession of the part thus assigned to him.

3. **Ownership** *of grass cut by one without authority upon land in the possession of another.* The severing of the grass, without authority, growing upon land in possession of another, although the latter has no right other than a mere possession, will give the party cutting the grass no right thereto, and the party in possession may appropriate the grass after it is cut, to his own use.

APPEAL from the Circuit Court of Henry county; the Hon. IRA O. WILKINSON, Judge, presiding.

This was an action of trespass brought by Elias H. Morse against George W. Iman, before a justice of the peace. The cause was removed into the Circuit Court by appeal, where a trial resulted in a verdict and judgment for the plaintiff. The defendant brings the cause to this court by appeal.

The opinion of the court contains a sufficient statement of the case.

Messrs. CARPENTER & GOODRICH and Mr. J. S. BUCKLES, for the appellant.

Messrs. HINMAN & PAGE, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of trespass, originally brought before a justice of the peace by appellee, and against appellant, to recover for hauling away three loads of hay claimed by the former as his property. Appellant claims, that he was in the actual possession of the land on which it grew, and from which appellee cut the grass; that, being so in possession, he had the legal right to the hay as against all persons but the owner of the fee, and that its severance from the soil by appellee did not change the right. There is no pretense, that appellee owned the land or any interest therein. It appears from the evidence, that appellant and one Larson inclosed the land for their use, and that there was no formal division of the premises in its occupancy by them, but they had an understanding that appellant was to use the north half, and Larson the south half. That it was not a definite contract, but the north half being more convenient to appellant, and the south half to Larson, they cut grass and used it accordingly. There was no partition fence or other visible division.

It appears that appellee obtained permission from Larson to go on the land and to cut grass, but no part of the tract was specified. Larson swore that it did not occur to him at the time, or he would have told appellee to cut grass on the south end of the field. They had inclosed the land three years previously, and occupied it as stated during that time. From this evidence we think it appears that appellant was in the actual occupancy of the land on which the grass was cut. And appellee only attempts to justify under a license from Larson.

The law is well settled, that a person in possession of property may recover for damages done to the property, as against all persons but the true owner, and may maintain any appropriate action for a recovery against any person but the true owner, precisely as if it were his own.

By the agreement or understanding between appellant and Larson, each was entitled to hold and enjoy his portion, as they did, in severalty, subject only to the rights of the owner of the soil. Either might maintain an action against the other for any invasion of his possession. By their understanding each was in the exclusive possession of his several portion. This being so, neither had the right to license strangers to enter on the portion of the other. Appellee therefore acquired no right to enter upon this land and cut and appropriate this hay, by obtaining permission from Larson. Appellee having no right to the grass, acquired none by cutting it, and appellant had the right to remove it, and appropriate it to his own use, and in doing so he was not guilty of a trespass. The evidence therefore failed to sustain the verdict, and the court below erred in overruling the motion for a new trial, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*